UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Renee Morris,

      Plaintiff,

v.                           Case No. 17-10063

The Home Depot,           Sean F. Cox
                                   United States District Court Judge

      Defendant.

_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

      While shopping at Home Depot, Plaintiff was injured when she tripped over a pallet lying in the center of a walkway. She has now sued Home Depot on a premises liability theory and Defendant has moved for summary judgment. For the reasons below, the Court shall grant Defendant's motion because any danger posed by the pallet was open and obvious.

**BACKGROUND**

      In May 2016, Plaintiff Renee Morris went to a Home Depot in Livonia to do some shopping. Pl. Dep., p. 19. While searching for some patio cushions, she walked down a pathway that had patio furniture to her left and a stack of charcoal to her right. *Id*. at 22. Several wooden pallets were also nearby the charcoal. *Id.*

      As Plaintiff was looking at a patio cushion, she tripped over a light-colored wooden pallet that was lying in the center of the concrete walkway. *Id*. at 22, 24; Def. Stmt. of Material Facts, ¶ 13. The pallet was about 2.5 inches high and, when lying flat, spanned almost the entire walkway. Pl. Dep., p. 25-26. Yet Plaintiff claims that she did not see the pallet because patio

furniture was blocking her view of the walkway. *Id.* at 22.

After Plaintiff fell, Home Deport employee Steve Larkins lifted up the pallet and propped it up against the charcoal.[1] *Id.* at 24. The next day, Plaintiff returned to the store and filed an incident report. *Id.* at 33.

About seven months later, Plaintiff filed a negligence suit in state court against Defendant Home Depot, which removed the case to this Court on diversity grounds (Doc. # 1). Defendant has moved for summary judgment (Doc. # 13) and Plaintiff has responded (Doc. # 15). The Court held a hearing on Defendant's motion on May 31, 2018.

## STANDARD OF DECISION

Summary judgment will be granted when no genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court "must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the non-moving party." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002).

## ANALYSIS

In a premises liability case, the plaintiff "must prove (1) that the defendant owed a duty to the plaintiff, (2) that the defendant breached the duty, (3) that the defendant's breach of the

---

[1] Larkins later disposed of the pallet. Now, for the first time, Plaintiff cursorily urges the Court to impose sanctions for spoliation of evidence based on that decision. But this argument should have been raised in an appropriate discovery motion, not in opposition to the motion for summary judgment. *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 507 (D. Md. 2009). And, in any event, Plaintiff has not shown that Larkins disposed of the pallet with a culpable state of mind. *See Adkins v. Wolever*, 692 F.3d 499, 504 (6th Cir. 2012). Thus, the Court declines to impose any spoliation sanction.

duty caused the plaintiff's injuries, and (4) that the plaintiff suffered damages." *Kennedy v. Great Atlantic & Pacific Tea Co.*, 737 N.W.2d 179, 181 (Mich. Ct. App. 2007). Here, the only issue is whether Defendant owed Plaintiff a duty.

A landowner owes a duty to use reasonable care to protect invitees, like Plaintiff, "from unreasonable reasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v. Lanctoe*, 821 N.W.2d 88, 94 (Mich. 2012). But there is generally no duty to protect an invitee against "open and obvious" dangers, which, "by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Id.* An exception to this rule exists only if special aspects of the condition make the open and obvious risk unreasonable, either because the hazard is unreasonably dangerous or because the danger is effectively unavoidable. *Id.* at 95-96.

Defendant argues that the pallet Plaintiff tripped over was open and obvious. This is determined using an objective standard: "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id.* at 94-95.

The undisputed facts show that the pallet spanned nearly the entire pathway in which Plaintiff was walking. This alone made it readily visible to a casual observer. *See LaFontaine v. Big Lots Stores, Inc.*, 2011 WL 6757480, at * 2 (holding that a pallet sticking out three feet into an aisle was open and obvious); *Summers v. Carter's Inc.*, 2005 WL 2372075, at * 1 (Mich. Ct. App. 2005) (holding that a five-foot strip of plastic wrap lying in an aisle was open and obvious). What's more, the pallet contrasted with its surroundings–the light wooden pallet rose several inches above the concrete floor. *See LaFontaine*, 2011 WL 6757480, at * 2 (noting that the

3

pallet contrasted with the floor); *Maronek v. Wal-Mart Stores*, 2008 WL 1959255, at * 2 (holding that the edge of an exposed black pallet lying on white floor tiles was open and obvious). It was a clear obstacle in Plaintiff's path–one that an average person would have observed upon casual inspection. This is true even if the view of the pallet was initially obscured by furniture. Because the pallet spanned almost the entire pathway, it is reasonable to conclude that an average person would have observed it at some point before reaching it.

The Court emphasizes that the test here is an objective one. So, the question is not "whether the particular plaintiff knew or should have known that the condition was hazardous." *Slaughter v. Blarney Castle Oil Co.*, 760 N.W.2d 287, 290 (Mich. Ct. App. 2008). As such, that Plaintiff did not see the pallet, or was distracted by other items in the store, does not alter the conclusion that, under an objective standard, the pallet was open and obvious. *See Kennedy*, 737 N.W.2d at 184 ("[M]ere distractions are not sufficient to prevent application of the open and obvious danger doctrine.").

Finally, the pallet did not present an extremely high risk of severe harm such that the open and obvious doctrine is inapplicable. *See Hoffner*, 821 N.W.2d at 95. The pallet was not unreasonably dangerous. Plaintiff has not identified–nor do the undisputed facts show–anything unique or uncommon about the pallet that she tripped over. Indeed, the pallet is more akin to an ordinary pothole than an unguarded thirty foot deep pit in the middle of a parking lot, the former of which, of course, is not unreasonably dangerous. *See Lugo v. Ameritech Corp., Inc.*, 629 N.W.2d 384, 387-88 (Mich. 2001). Nor was any danger posed by the pallet "effectively unavoidable." "[S]ituations in which a person has a choice whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Hoffner*, 821 N.W.2d at 99. That is the case here.

Plaintiff was not compelled to enter the aisle in question, she chose to do so.

In sum, Plaintiff was injured by an avoidable open and obvious danger that did not pose an unreasonably high risk of harm. Thus, she cannot recover in tort as a matter of law and Defendant is entitled to summary judgment. *See id.* at 101-02.

## CONCLUSION

For the reasons above, IT IS ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 1, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 1, 2018, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager